ACCEPTED
04-15-00350-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/14/2015 4:32:40 PM
KEITH HOTTLE
CLERK

No. 04-15-00350-CV

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/14/2015 4:32:40 PM
KEITH E. HOTTLE
Clerk

**Jack Rettig,**
**Appellant**

**v.**

**Ronald Bruno, et al,**
**Appellees**

Appeal from the 111th District Court of Webb County, Texas

**APPELLANT JACK RETTIG'S BRIEF**

**LAW OFFICE OF**
**AUDREY MULLERT VICKNAIR**

Audrey Mullert Vicknair
State Bar No. 14650500
802 N. Carancahua Ste. 1350
Corpus Christi, Texas  78401-0022
(361) 888-8413; (361) 887-6207 fax
avicknair@vicknairlaw.com

**Fritz Byrne Head & Fitzpatrick**
**PLLC**

C. M. Henkel III
State Bar No. 09463000
500 North Shoreline, Ste. 901
Corpus Christi, Texas 78401
(361) 883-1500; (361) 888-9149 fax
skip@cmenkel.com

*Attorneys for Appellant Jack Rettig*

**Oral Argument Requested**

i

## IDENTITIES OF PARTIES AND COUNSEL

**APPELLANT**

**Jack Rettig**

**COUNSEL**

Audrey Mullert Vicknair
State Bar No. 14650500
LAW OFFICE OF AUDREY MULLERT
VICKNAIR
802 N. Carancahua, Ste. 1350
Corpus Christi, Texas 78401-0022
(361)888-8413; (361)887-6207 fax
avicknair@vicknairlaw.com

C. M. "Skip" Henkel, III
State Bar No. 09463000
FRITZ, BYRNE, HEAD & FITZPATRICK PLLC
500 North Shoreline, Ste. 901
Corpus Christi, Texas 78401
(361) 883-1500; (361) 888-9149 fax
skip@cmhenkel.com

**APPELLEE**

**PATRICK G. MENDOZA**

**COUNSEL**

Lance H. Beshara
State Bar No. 24045492
PULMAN CAPPUCCIO
PULLEN BENSON & JONES, LLP
2161 N.W. Military Hwy., Suite 400
San Antonio, Texas 78213
(817) 289-9494; (817) 870-9852 fax
lbeshara@pulmanlaw.com

**APPELLEE**

**Christopher Garcia**

**COUNSEL**

Jana K. Terry
State Bar No. 24003041
BECKSTEAD TERRY P.L.L.C.
9442 N. Capital of Texas Hwy.
Arboretum Plaza One, Suite 500
Austin, Texas 78759
(512) 827-3574; (855) 845-3262 fax

jterry@becksteadterry.com

**APPELLEE**                          **Sergio Lopez**

**COUNSEL**                          Carlos Evaristo Flores
                                     State Bar No. 24050606
                                     PERSON, WHITWORTH, BORCHERS
                                     &MORALES, LLP
                                     602 E. Calton Road, 2nd Floor
                                     P.O. Drawer 6668
                                     Laredo, Texas 78042-6668
                                     (956) 727-4441; (956) 727-2696 fax
                                     cflores@personwhitowrth.com


**APPELLEE**                          **Troy J. Williams**

**COUNSEL**                          Darrell W. Cook
                                     State Bar No. 00787279
                                     Darrell W. Cook & Associates, P.C.
                                     One Meadows Building
                                     5005 Greenville Ave., Ste. 200
                                     Dallas, Texas 75206
                                     (214) 368-4686; (214) 363-9979 fax
                                     dwcook@attorneycook.com


**APPELLEE, PRO SE**                  **Ronald E. Bruno**
                                     2304 Matador Circle
                                     Austin Texas 78746

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ....................................................... ii

TABLE OF CONTENTS ................................................................ iv

INDEX OF AUTHORITIES ................................................................ vi

STATEMENT OF THE CASE ................................................................ ix

STATEMENT REGARDING ORAL ARGUMENT ............................................ xi

ISSUES PRESENTED ................................................................ .xi

    **I.**    The trial court's plenary power expired before it entered the orders at issue; those orders are void.

    **II.**    Mendoza failed to establish by clear and convincing evidence that the Louisiana Federal Court judgment was not entitled to full faith and credit.

    **III.**    Mendoza failed to present any evidence, let alone clear and convincing evidence as required, of inadequate service of process.

    **IV.**    Under the law of the rendering state, Mendoza did not establish, by clear and convincing evidence as required, that the Louisiana Federal Court judgment is subject to modification because of some alleged lack of notice of the motion for summary judgment granted by the federal court.

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................1

SUMMARY OF THE ARGUMENT ........................................................5

ARGUMENT ................................................................7

I.   The Trial Court's Plenary Power Had Expired When It Granted
     Mendoza and Garcia's Post-Judgment Motions and Vacated this
     Domesticated Foreign Judgment in its Entirety .............................................7

    A.  An Authenticated Foreign Judgment Is Treated in the Same Manner
      as a Judgment of the Texas Court in Which It is Filed ..................................7

    B.  Rule 329b Post-Judgment Motion and Plenary Power Deadlines
      Apply to Foreign Judgments..........................................................................8

C. The Trial Court's Plenary Power Expired Before It Purported to Vacate this Foreign Judgment; the Orders are a Nullity ..............................10

D. The Transfer of Venue Does Not Affect Post-Judgment Deadlines and Plenary Power ..............................13

E. Summation Regarding Expiration of Plenary Power ...............................16

II. Mendoza's Motion to Vacate Fundamentally Has No Merit: He Failed to Prove this Foreign Judgment is Not Entitled to Full Faith and Credit By Presenting No Evidence at the Hearing ....................................16

III. Mendoza's Argument that He Was Denied Adequate Service of Process is Baseless ..............................19

A. No Testimonial Evidence Regarding Adequate Process Was Filed.........19

B. Mendoza was Afforded Adequate Due Process....................................22

1. Applicable Law................................22

2. Mendoza's Proffer ...............................24

3. Conclusion .................................27

C. The Foreign Judgment is Not Subject to Modification Because of Some Alleged Lack of Notice of the Summary Judgment Motion...............28

III. Garcia, Lopez, Bruno and Williams ...............................34

CONCLUSION AND PRAYER ....................................38

CERTIFICATE OF COMPLIANCE...................................40

CERTIFICATE OF SERVICE ...................................40

APPENDIX...................................42

A - Webb County Orders Granting Mendoza and Garcia's Motions to Vacate (CRII: 1043-1050, 1051-1062)

B - Foreign Judgment Filed by Jack Rettig in Harris County (CR 20-54)

C - Harris County Court Order Granting Motion to Transfer Venue (CR 17)

# INDEX OF AUTHORITIES

## CASES

*Bahr v. Kohr*, 928 S.W.2d 98
(Tex.App.—San Antonio 1996, writ denied) ..................................... 8, 9, 10, 17

*BancorpSouth Bank v. Prevot*, 256 S.W.3d 719
(Tex.App.—Houston [14th Dist.] 2008, pet. denied) ........................................16

*Bethlehem Steel Corp. v. Devers*, 389 F.2d 44 (4th Cir. 1968) ...............................24

*Blanco River, LLC. v. Green*, 457 F. Appx. 431 (5th Cir. 2012) .............................23

*Cantu v. Grossman*, 251 S.W.3d 731
(Tex.App.—Houston [14th Dist.] 2008, pet. denied)..........................................14

*EnviroPower, LLC v. Bear, Stearns & Co., Inc.*, 265 S.W.3d 16
(Tex.App.—Houston [1st Dist.] 2008, pet. denied) ..................................... 17, 18

*Gray v. First Nat'l Bank of Dallas*, 393 F.2d 371 (5th Cir. 1986) .................... 23, 24

*Green v. Johnson, Richards & Co.*, 2011 WL 5190282
(M.D. La. 2011) ..................................................................................... 24, 30

*Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151
(5th Cir. 1974).....................................................................................................23

*In re Kenneth Vern Gibbs*, 2015 Tex.App. LEXIS 906
(Tex.App.—Texarkana 2015, orig. proceeding) .................................................15

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694 (1982).............................................................................................23

*Mindis Metals, Inc v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477
(Tex.App.—Houston [14th Dist.] 2004, pet. denied)........... 17, 18, 22, 29, 30, 36

*Mitchim v. Mitchim*, 518 S.W.2d 362 (Tex. 1975) ......................................... 16, 17

*Moncrief v. Harvey*, 805 S.W.2d 20
(Tex.App.—Dallas 1991, no writ)................................................................8, 9

*Tracy v. Top Drawer Med. Art, Inc.*, 2003 Tex.App. LEXIS 8894
(Tex.App.—Dallas 2003, no pet.) ..................................................... 8, 9, 10, 17

*Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285 (Tex. 1996)..... 8, 9, 16, 18

## STATUTES AND RULES

FED. R. CIV. P. 4(e)(2) .................................................................................. 22

FED. R. CIV. P. 5 ........................................................................................... 32

FED. R. CIV. P. 12(b) ....................................................................................23

FED. R. CIV. P. 12(b)(4) ................................................................................29

FED. R. CIV. P. 12(h) ....................................................................................23

FED. R. CIV. P. 59 .........................................................................................29

FED. R. CIV. P. 60 .........................................................................................21

FED. R. CIV. P. 60(b)(4) ................................................................................29

FED. R. CIV. P. 60(c)(1) .................................................................................29

FED. R. CIV. P. 77(d)......................................................................................30

TEX. CIV. PRAC. & REM. CODE Ch. 35, *et seq*..................................... ix, 5, 7, 10, 37

TEX. CIV. PRAC. & REM. CODE § 35.003 ..................................................1

TEX. CIV. PRAC. & REM. CODE § 35.003(a) ........................................ 7, 10

TEX. CIV. PRAC. & REM. CODE § 35.003(b)................................................7

TEX. CIV. PRAC. & REM. CODE § 35.003(c) .........................................3, 8

TEX. R. APP. P. 39.1........................................................................... xi

TEX. R. CIV. P. 87(1) .....................................................................................15

TEX. R. CIV. P. 89 .................................................................................. 14, 15

TEX. R. CIV. P. 120 .......................................................................................24

TEX. R. CIV. P. 306a ......................................................................... 3, 4, 12, 13

TEX. R. CIV. P. 306a(4).................................................................................12

TEX. R. CIV. P. 308 ......................................................................................16

TEX. R. CIV. P. 329b .................................................. 3, 4, 9, 10, 11, 12, 13

TEX. R. CIV. P. 329b(e) ...............................................................................10

**TO THE HONORABLE FOURTH COURT OF APPEALS**:

COMES NOW Appellant Jack Rettig and files his opening brief, establishing that the trial court's orders vacating a properly domesticated foreign judgment must be reversed. Judgment must be rendered for Rettig. In support, Rettig would show:

## STATEMENT OF THE CASE

This an appeal from orders granting motions, filed by Appellees Mendoza and Garcia only, to vacate a domesticated foreign judgment (CRII: 1043-1050, 1051-1062 [App. A]). TEX. CIV. PRAC. & REM. CODE Ch. 35, *et seq*. Appellant Jack Rettig obtained a final judgment against all five Appellees in a Louisiana Federal Court in September 2014 (CR 24-45 [App. B]). No defendant filed any post-judgment motion or appeal.

Rettig filed a copy of the authenticated foreign judgment in the office of the Clerk of a Harris County District Court, a court of competent jurisdiction in this state, on October 2, 2014 (CR 20-54 [App. B]). Motions to transfer venue were filed by some defendants along with motions to vacate (CR 55-60, 126-29). The Harris County Court granted the venue motions – not the motions to vacate – and the case was transferred to Webb County and docketed under Cause No. 2015-CVQ-000699-D2, *Rettig v. Bruno, et al.*, the Hon. Monica Z. Notzon presiding, in February 2015 (CR 17 [App. C], 275-79).

On May 7, 2015, long after the trial court lost plenary power over the foreign judgment, the Webb County Court held a hearing on the motions to vacate filed by Mendoza and Garcia. Bruno and Williams filed no such motions (CR, *passim*). Lopez did file motions to vacate, but did not set them for hearing (CR 121-25 and *passim*, RR, *passim*).

Mendoza and Garcia introduced no evidence at the hearing and called no witnesses (RR, *passim*). Despite Rettig's contentions that plenary power had expired (RR:66), and the court could not grant relief on the merits, the trial court entered orders granting Mendoza's and Garcia's motions and vacated the domesticated foreign judgment in its entirety on May 8, and May 11, 2015 (CRII:1043-1050, 1051-1062 [App. A]).

Rettig files this appeal (CR 1079-1080) to address the filing and content of the motions filed by Mendoza (CR 87-120) and Garcia (CR 443-507), the only motions ruled on and granted by the trial court. All parties are appellees because the trial court purported to vacate the domesticated foreign judgment in its entirety.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Rettig believes the decisional process would be significantly aided by oral argument. TEX. R. APP. P. 39.1. Rettig requests oral argument in this cause to discuss the legal arguments and dispositive issues.

## ISSUES PRESENTED

1.      The trial court's plenary power expired before it entered the orders at issue; those orders are void.

2.      Mendoza failed to establish by clear and convincing evidence that the Louisiana Federal Court judgment was not entitled to full faith and credit.

3.      Mendoza failed to present any evidence, let alone clear and convincing evidence as required, of inadequate service of process.

4.      Under the law of the rendering state, Mendoza did not establish, by clear and convincing evidence as required, that the Louisiana Federal Court judgment is subject to modification because of some alleged lack of notice of the motion for summary judgment granted by the federal court.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Jack Rettig filed suit on April 30, 2014 against all five Appellees in the United States District Court for the Eastern District of Louisiana, Cause No. 2:14cv-00996-LMA-SS (CR 26 [App. B]). His Complaint alleged collection of a promissory note, specifically, monies owed under a Promissory Note and a Forbearance Agreement executed by all Appellees (CR 26-30). The United States District Court entered Judgment in favor of Rettig on September 30, 2014, granting his motion for summary judgment and awarding the unpaid principal and interest under the Note (CR 24 [App. B]). No defendant filed a post-judgment motion or an appeal.

On October 3, 2014, Rettig filed an authenticated copy of his foreign judgment with the Harris County District Clerk, the clerk of a court of competent jurisdiction in this state, pursuant to TEX. CIV. PRAC. & REM. CODE §35.003 "Enforcement of Judgments of Other States." (CR 20-54 [App. B])

The first filing in the case thereafter was over two months later, on December 11, 2014: Garcia and Bruno filed a motion to transfer venue to Travis County (CR 55).

On December 23, 2014, Mendoza filed a motion to transfer venue to Kendall County, and a motion to extend post-judgment deadlines, asserting he did not receive notice of the filed foreign judgment until December 12, 2014 (CR 69-75).

1

On January 12, 2015, Mendoza filed a motion to vacate the foreign judgment, alleging inadequate service of the suit in federal court (CR 87-120).

On January 13, 2015, Lopez filed a motion to transfer venue to Webb County, and a motion to extend post-judgment deadlines, asserting he received notice of the filed foreign judgment on December 16, 2014 (CR 80-86). On January 14, 2015, Lopez filed a motion to vacate that was identical to Mendoza's (CR 121-125).

Garcia then also filed a motion to vacate on January 23, 2015, asserting alleged improper venue (CR 130).

On January 23, 2015, Mendoza and Garcia supplemented their motions and requested venue in Webb County (CR 126, 133).

On January 30, 2015, the Harris County District Court entered an order granting the motion to transfer venue only and transferring the cause to Webb County (CR 17 [App. C]). The court did <u>not</u> enter an order vacating the foreign judgment (CR 17 and *passim*).

The Webb County District Clerk received the file on February 25, 2015 and sent notice to all parties (CR 275-281). Rettig immediately filed a motion for discovery sanctions against Mendoza (CR 282) and set that for hearing on March 24, 2015 (CR 412).

On March 6, 2015, Mendoza filed another motion to vacate (CR 286-411).

On March 27, Garcia and Lopez filed more motions to vacate as well (CR 443-507, CRII: 508-559). Mendoza set his motion for April 29, 2015 (CRII: 703) then moved the hearing to May 7, 2015. Mendoza filed an amendment, then a supplement (CRII: 560-697, 710-915).

Bruno and Williams never sought to vacate the foreign judgment and filed no such motions (CR, *passim*). Lopez did not set his motion for hearing (CR *passim*; *see also* RR: 5 [counsel stating his motion not set for hearing]).

Rettig filed an Amended Response to Mendoza's Motion to Vacate and Response to Garcia's Motion to Vacate (CRII: 916-1042). Rettig challenged the trial court's authority to grant the motions given plenary power had long since expired. Garcia did not file a motion to vacate within 30 days of the filing of the foreign judgment as required by TEX. CIV. PRAC. & REM. CODE §35.003(c) so any request for relief was time-barred ("A filed foreign judgment has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed'); TEX. R. CIV. P. 329b.

As for Mendoza, Rettig put him to his proof on his assertion of late notice of the filing of the foreign judgment; he had to prove late notice to prove his original motion to vacate was timely filed. TEX. R. CIV. P. 306a. Otherwise the trial court's plenary power over the October 3, 2014 judgment expired 30 days later, on

3

November 2, 2014, because there were no other motions filed that would have extended plenary power. TEX. R. CIV. P. 329b.

In the alternative, if Mendoza was able to prove late notice, then the trial court's plenary power commenced on the date of notice, December 12, 2014. TEX. R. CIV. P. 306a. 105 days is the maximum for a court's plenary power. TEX. R. CIV. P. 329b. 105 days from December 12, 2015 was March 27, 2015. The hearing held on May 7, 2015, almost 6 weeks later, came far too late.

In addition or in the alternative, in his response, Rettig challenged any assertion that his Louisiana Federal Court judgment was not entitled to full faith and credit in Texas (CRII: 916-1042).

At the hearing Mendoza and Garcia presented no testimony, introduced no evidence into the record, and tendered no exhibits (RR: 4-5 and *passim*).

On May 8, 2015 the court entered an Order Granting Mendoza's Amended Motion to Vacate Judgment which included a "Mother Hubbard" clause (CRII: 1043-1050 [App. A]). On May 11, 2015, the court entered an Order Granting Garcia's Motion to Vacate (CRII: 1051-1062 [App. A]).

Recognizing that the hearing was non-evidentiary, Rettig nonetheless, in an abundance of precaution, requested findings of fact and conclusions of law (CRII: 1063-64, 1081-82 [Notice of Past Due]). The trial court never complied with the request and entered no such findings or conclusions (CR, *passim*).

4

Rettig filed his Notice of Appeal, as well as a Motion to Vacate, Modify, Correct or Reform the Orders granting the motions to vacate (CRII: 1065-1078).

## SUMMARY OF THE ARGUMENT

The law applicable to the Uniform Enforcement of Foreign Judgments Act, TEX. CIV. PRAC. & REM. CODE Ch. 35, has been violated in this proceeding. Retting properly domesticated a foreign judgment. That judgment was enforceable when it was filed in Harris County. Appellees failed to comply with post-judgment deadlines and did not file their motions to vacate timely; in addition or in the alternative the trial court's plenary power expired long before any such motions were heard. The trial court's orders vacating the foreign judgment are void.

In the alternative Appellees had a heavy burden to overcome the presumption of validity of the foreign judgment and they wholly failed to meet that burden. The trial court failed to put them to their proof and failed to apply the law correctly. *First*, Mendoza and Garcia presented no evidence at the hearing, called no witnesses, and offered no proof. That alone requires the trial court's orders must be reversed. *Second*, the trial court wrongly stated it was considering the documents attached to the various filings, over Rettig's objection that he was denied his right to cross-examine the witnesses. This too requires reversal. *Third*, a review of Mendoza's proffer shows he tendered no testimonial evidence to show that he was not served with the federal lawsuit or otherwise deprived of adequate

5

process. That proffer establishes Mendoza was afforded full and complete due process and, to this day, has never asserted otherwise in federal court.

*Fourth*, regarding Mendoza's allegation that he was somehow deprived of due process regarding the motion for summary judgment that was granted against him, the record establishes Mendoza was served with the motion, and he was fully aware – by virtue of multiple Federal Court Orders delivered to him at his confirmed address—that the motion was filed and pending and he had a right to respond. He took no action. Declarations attached to Mendoza's federal court filings, then attached to supplemental filings in Webb County, were controverted and failed to provide clear and convincing evidence of a lack of due process as required. In addition Mendoza failed to show, under the law of the rendering state (Louisiana Federal Court) that the summary judgment was subject to collateral attack. The trial court's orders must be reversed and judgment rendered in favor of Rettig.

Mendoza's and Garcia's motions to vacate are a substantial abuse of the judicial process. Appellees acknowledged repeatedly they originally executed a valid and binding Note payable to Rettig, then defaulted. They then executed a Forbearance Agreement, acknowledging the failure to pay as required, and agreed to pay again. Still they did not pay. Rettig properly filed suit to collect on the note in Louisiana Federal Court. He properly obtained judgment on that acknowledged

obligation in that foreign court. He then properly domesticated that foreign judgment in Texas. For Appellees to now suggest that the judgment cannot be enforced against them in Texas is baseless.

## ARGUMENT

I. **The Trial Court's Plenary Power Had Expired When It Granted Mendoza and Garcia's Post-Judgment Motions and Vacated this Domesticated Foreign Judgment in its Entirety[1]**

A. **An Authenticated Foreign Judgment Is Treated in the Same Manner as a Judgment of the Texas Court in Which It is Filed**

Texas Civil Practice and Remedies Code Chapter 35 governs "Enforcement of Judgments of Other States." TEX. CIV. PRAC. & REM. CODE §§ 35.001, *et seq.* ("UEFJA") "A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction in this state." *Id.* at § 35.003(a).[2] "The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed." *Id.* at § 35.003(b). "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings

---

[1] As noted in the Statement of Facts, Bruno and Williams filed no motions in the case whatsoever and have never challenged the enforceability of the Louisiana federal court judgment in Texas (CR, *passim*). Lopez filed motions to vacate but never set them for hearing (CR 121-25, CRII: 508). The only motions heard by the trial court and granted were filed by Mendoza and Garcia (RR, *passim*). Therefore, all arguments herein will focus on the filing and content of Mendoza's and Garcia's motions.

[2] No party has alleged that the Louisiana Federal Court Judgment in this case was not properly authenticated.

for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* at § 35.003(c).

A filed foreign judgment comprises both a plaintiff's original petition and a final judgment, and it becomes enforceable as a Texas judgment on the date it is filed. *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). "A final judgment of a foreign state must be given the same force and effect to which the judgment would be entitled ***in the state in which it was rendered*** [here, Louisiana Federal Court]." *Tracy v. Top Drawer Med. Art, Inc*., 2003 Tex.App. LEXIS 8894, *3 (Tex.App.—Dallas 2003, no pet.) (emphasis added). Such a filing "instantly creates an enforcement judgment in Texas." *Id.* at *8; *Bahr v. Kohr*, 928 S.W.2d 98, 100 (Tex.App.—San Antonio 1996, writ denied); *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex.App.—Dallas 1991, no writ).

B.  **Rule 329b Post-Judgment Motion and Plenary Power Deadlines Apply to Foreign Judgments**

Important here, the appellate timetables applicable to the entry of a state court judgment apply to foreign judgments. *Wu*, 920 S.W.2d at 286; *Tracy*, at * 5. As this Court makes clear, "The validity of a foreign judgment may be investigated by a Texas court, ***but must be done according to the regular timetables for challenging a Texas judgment***." *Bahr*, 928 S.W.2d at 22 (emphasis added).

With respect to post-judgment motions, Texas Rule of Civil Procedure 329b applies to foreign judgments. *Tracy*, 2003 Tex.App. LEXIS at 8894 **5-7; *Bahr*,

8

928 S.W.2d at 100; *Moncrief*, 805 S.W.2d at 23. Any motion filed attacking a foreign judgment "is procedurally in the same posture as any post-judgment motion filed after a final judgment in Texas." *Tracy*, at \*7; *Moncrief*, 805 S.W.2d at 23. Appellate deadlines begin to run when the foreign judgment is filed in a Texas court. *Moncrief*, 805 S.W.2d at 24.

In *Wu*, the contesting party did not file a motion attacking the judgment but rather filed only a general denial. The Supreme Court held that all actions taken by the trial court beyond thirty days after the filing of the judgment were "nullities" because a motion for new trial was not timely filed. *Id.*, at 286.

Likewise in *Bahr*, the contesting party filed a motion for summary judgment rather than a motion for new trial/motion to vacate. *Id.*, 928 S.W.2d at 100. This Court held the trial court had no jurisdiction to address the foreign judgment more than thirty days after it was filed. *Id.*

With respect to plenary power, "Under Rule 329b, the trial court's plenary power to grant a new trial or modify, correct or reform a judgment expires after 30 days [of the filing of the foreign judgment] if no action is taken. Filing a motion for new trial or other post-judgment motion extends the trial court's plenary jurisdiction until 30 days after the motion is overruled." *Tracy*, 2003 Tex. App. LEXIS 8894, \*8; accord, *Bahr*, 928 S.W.2d at 22.

As this Court recognizes, ***actions taken outside the court's plenary power***

9

are a **"nullity."** *Bahr*, 928 S.W.2d at 22. The trial court cannot address a judgment outside its plenary power. *Id.*

In *Tracy*, after Top Drawer filed its notice of foreign judgment on August 22, 2001, Tracy filed a motion contesting the judgment on September 18, 2001, less than 30 days later. The Dallas Court held that the motion had to be ruled on within 75 days of the judgment, or it would be overruled by operation of law. No order was entered by the 75th day, November 5, 2001, so the motion was overruled by operation of law. "The trial court's plenary power expired on December 5, 2001, thirty days after the date Mr. Tracy's motion was overruled by operation of law." *Tracy*, at *9 (citing TEX. R. CIV. P. 329b(e)). Once the court lost plenary power, any order attempting to grant Tracy's motion to vacate "***was a nullity.***" *Id.* (emphasis added)

## C. The Trial Court's Plenary Power Expired Before It Purported to Vacate this Foreign Judgment; the Orders are a Nullity

Rettig filed his Louisiana Federal Court judgment in a Harris County District Court on October 3, 2014 (CR 20-54 [App. B]). There has never been any assertion that that court was not a "court of competent jurisdiction in this state." TEX. CIV. PRAC. & REM. CODE § 35.003(a). Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 35, TEX. R. CIV. P. 329b and the authorities set forth above, motions to vacate or otherwise attack that judgment were due 30 days later, on November 2, 2014. No party filed any such motion by that date (CR, *passim*).

10

Garcia filed a motion to transfer venue in Harris County, but not until December 11, 2014, two months after the judgment was filed, and he filed no motion to vacate at that time (CR 55). He ultimately filed a motion to vacate on January 23, 2015 but did not assert late notice of judgment in order to extend post-judgment deadlines (CR 130). Nor could he, given he filed a motion to transfer venue on December 11, 2014 and obviously had notice of the judgment by that time. Garcia's motion to vacate was out of time and should not have been considered by the trial court. TEX. R. CIV. P. 329b. The court's order granting the motion to vacate, entered on May 11, 2015 is void.

Mendoza filed a motion to extend post-judgment deadlines on December 23, 2014 (CR 69-75), alleging he received late notice of the filed foreign judgment on December 12, 2014 (CR 71). He filed a motion to vacate on January 12, 2015 (CR 87-120). Mendoza filed another motion to vacate on March 6, 2015 (CR 286-411), then filed an amended motion on March 27, 2015 (CRII:560-597)[3] and a supplement on May 4, 2015 (CRII:710-915).

Rettig disputed Mendoza's contentions that he had late notice of the filed foreign judgment and put him to his proof (CRII: 922, 925). At the hearing Mendoza's counsel actually raised the issue of alleged late notice, but then

---

[3] Garcia filed another motion to vacate on that date as well, relying exclusively on the grounds stated in Mendoza's motion, arguing that if Mendoza's motion was granted then the foreign judgment was not enforceable against Garcia either (CR 443-507).

presented no evidence, put on no testimony, and introduced no exhibits to prove late notice (RR, *passim*; see, 34-35). Nothing attached to any of Mendoza's filings addresses alleged late notice of the filed foreign judgment (CR 69-75 [Mtn to Extend Deadlines], CRII: 560-697 [Am Mtn to Vacate], 710-915 [First Supp to Am Mtn to Vacate]). There are no affidavits from Mendoza and no testimonial evidence of any type that shows he did not receive notice of the foreign judgment when it was filed on October 3, 2014 (*id.*). Mendoza never proved he actually received late notice of the filed foreign judgment such that his motions to vacate, filed months after October 3, 2014, were timely. Mendoza's motions to vacate were out of time and should not have been considered by the trial court.

In the alternative, if Mendoza truly did receive late notice of the October 3, 2014 judgment, then all post-judgment motion and plenary power deadlines ran from the date of alleged notice. TEX. R. CIV. P. 306a(4). His motion to vacate had to be ruled on within 75 days of his notice of judgment or the motion was overruled by operation of law. TEX. R. CIV. P. 306a, 329b.

75 days from Mendoza's alleged notice of the judgment on December 12, 2014 was February 25, 2015. No order was entered on Mendoza's motion to vacate by that date. 105 days was March 27, 2015. The court lost power to rule on that day. The court's order granting the motion to vacate, entered on May 8, 2015, is void.

In sum, Mendoza and Garcia filed their motions to vacate too late. In the

alternative the trial court lost plenary power over the foreign judgment long before it entered orders vacating that judgment on May 8 and 11, 2015. The court's orders vacating the foreign judgment must be reversed and judgment rendered enforcing the foreign judgment.

### D. The Transfer of Venue Does Not Affect Post-Judgment Deadlines and Plenary Power

In the Webb County trial court Mendoza and Garcia argued that the transfer of venue from Harris County to Webb County somehow re-started post-judgment motion and plenary power deadlines.

But Mendoza's actions in Harris County belie that assertion. He was obviously clearly aware that Rule 306a and 329b judgment deadlines applied to the October 3, 2014 foreign judgment: he filed a Rule 306a motion to extend Rule 329b post-judgment motion deadlines based on alleged late notice of the judgment (CR 69-75), and sought to shorten the venue hearing notice period (CR 259, 261).

Further, when the motion to transfer venue was granted in Harris County, the foreign judgment filing was simply transferred to Webb County. The Harris County court did not vacate the foreign judgment, it merely transferred the pending action (CR 17 [App. C]). The original filing of foreign judgment was simply transferred and continued in Webb County.

The Rules of Procedure make this clear. "If a motion to transfer venue is sustained, **the cause shall not be dismissed,** but the court shall transfer said cause

13

to the proper court." TEX. R. CIV. P. 89 (emphasis added). So the foreign judgment was not dismissed, it was simply transferred. This very circumstance was considered by the Fourteenth Court of Appeals:

> It would similarly seem that a judgment creditor under the UEFJA could toll limitations governing enforcement by filing the judgment in any court of competent jurisdiction, **regardless of whether venue is proper in that county** or court; thus, **the ability to file the judgment in "any" Texas court of competent jurisdiction is not rendered meaningless simply because the general venue statutes also apply**.

*Cantu v. Grossman*, 251 S.W.3d 731, 740 (Tex.App.—Houston [14th Dist.] 2008, pet. denied) (emphasis added).

Clearly, the filing of the foreign judgment in "any court of competent jurisdiction," even if venue is allegedly improper, is a valid and enforceable action under the UEFJA. The filing of this foreign judgment in Harris County, a court of competent jurisdiction, was a proper UEFJA filing which triggered post-judgment deadlines, venue notwithstanding. The judgment was not vacated when venue was transferred. The deadlines to vacate the judgment, which began running when the judgment was filed in Harris County, continued to run when the case was transferred to Webb County.

Mendoza and Garcia had ample opportunity to have their motions heard in Webb County (assuming they were timely, which Rettig denies) before plenary power expired. First, "The determination of a motion to transfer venue shall be made promptly by the court," and leave of court can be obtained to determine the

14

motion more rapidly than the time prescribed by the Rules. TEX. R. CIV. P. 87(1). Indeed Mendoza sought that relief in Harris County:

8.     To the extent necessary, Defendant requests the Court exercise its discretion to grant leave to hear the venue transfer motions on less than 45 days notice. *See* Tex. R. Civ. P. 87(1). Due to the unique procedure of the Uniform Enforcement of Foreign Judgments Act, the Court is well within its discretion to hear all venue transfer motions at the scheduled time (even if on less than the typical 45-days notice), particularly where any additional time before the hearing cannot have any impact upon the resolution of the motions.

(CR 261).

Second, the order granting a motion to transfer venue is effective on entry, it is not dependent on when the file is physically transferred to the transferee county. TEX. R. CIV. P. 89; *In re Kenneth Vern Gibbs*, 2015 Tex.App. LEXIS 906, \*\*5-6 (Tex.App.—Texarkana 2015, orig. proceeding). Here, the order transferring venue to Webb County was signed on January 30, 2015, two months before the 105-day plenary power period expired (if Mendoza's late notice of judgment date of December 12, 2014 can be taken as true) (CR 17). Notice to counsel that the papers were filed in Webb County was sent on February 25, 2015, 30 days before plenary power expired (CR 275-281). If the motions to vacate were timely filed, the parties had until March 27, 2015 to have those motions heard.

Rettig had a hearing on his motion for discovery sanctions set for March 24, 2015 (CR 412), which was within the court's 105-day plenary power, but no party

noticed a hearing on a motion to vacate on that date (CR *passim*). Rather, Mendoza set his motion to vacate for hearing on April 29, 2015 (CR 433), over 30 days too late, then re-set his motion to May 7, 2015, even further past 105 days.

### E. Summation Regarding Expiration of Plenary Power

The trial court had long since lost plenary power to do anything except enforce the filed foreign judgment when the motions to vacate were heard on May 7, 2015 and granted on May 8 and 11, 2015. The court retained statutory and inherent authority to **enforce** its judgments even after its plenary power had allegedly expired. TEX. R. CIV. P. 308; *BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex.App.—Houston [14th Dist.] 2008, pet. denied) (in UEFJA case, holding court had power to enforce filed foreign judgment filed nearly 10 months earlier). The court should have enforced the foreign judgment, not vacated it. The orders vacating the judgment are void and they are a nullity.

## II. Mendoza's Motion to Vacate Fundamentally Has No Merit: He Failed to Prove this Foreign Judgment is Not Entitled to Full Faith and Credit By Presenting No Evidence at the Hearing

When an authenticated copy of a foreign judgment is filed, as here, the burden shifts to the judgment debtor to establish why the judgment cannot be given full faith and credit. *Wu*, 920 S.W.2d at 926 (citing *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex. 1975) ("foreign judgment that appears valid and final makes prima facie case for party seeking to enforce it, and burden is on resisting

16

party to prove judgment is not valid or final"); *Bahr*, 928 S.W.2d at 100; *Tracy*, 2003 Tex.App. LEXIS at *4.

Once a judgment creditor files an authenticated copy of a foreign judgment pursuant to the UEFJA, a prima facie case for enforcement is presented. *Mindis Metals, Inc v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 484 (Tex.App.— Houston [14th Dist.] 2004, pet. denied) (citing *Mitchim, supra*). The judgment should be given full faith and credit unless an exception can be proved. *Id.* Those exceptions are: (1) the foreign judgment is interlocutory (not argued here); (2) the foreign judgment is subject to modification **under the law of the rendering state**; (3) the rendering state lacked jurisdiction (that is, service of process was inadequate under the rules of the sister state, or the sister state's exercise of in personam jurisdiction offends the due process of law [second circumstance not argued here]); (4) the foreign judgment was procured by extrinsic fraud (not argued here); and (5) the time to file the domestication action has expired (not argued here). *Id.* at 484-485.

The trial court has no discretion in applying the law to the established facts. *Mindis Metals*, 132 S.W.3d at 486. Importantly, "[N]o defense that goes to the merits of the original controversy shall be recognized." *EnviroPower, LLC v. Bear, Stearns & Co., Inc.*, 265 S.W.3d 16, 20 (Tex.App.—Houston [1st Dist.] 2008, pet. denied); accord, *Mindis Metals*, 132 S.W.3d at 486, n. 7. Substantial argument

made by Mendoza's counsel at the motion to vacate hearing (with no evidence in support, either) was therefore improper and should not have been brought before the court (RR: 13-15, 18).

"***The presumption of validity can only be overcome by clear and convincing evidence to the contrary***." *Mindis Metals,* 132 S.W.3d at 484 (emphasis added); accord, *EnviroPower*, 265 S.W.3d at 20. That is, to vacate the judgment, the contesting party must prove by clear and convincing evidence that an exception applies.

As stated above, Mendoza presented no evidence at the hearing; it was not evidentiary and there was no trial. See, e.g., *Wu*, 920 S.W.2d at 285 ("the parties tried the case . . . ."); *Enviropower*, 265 S.W.3d at 18 ("After an evidentiary hearing . . . ."). Mendoza did not testify at the hearing on his motion to vacate and proffered no witnesses or other testimony, despite repeated objections and pronouncements by Rettig that he should do so (RR, *passim*, see, e.g., 17 [objection to arguing facts outside the record], 56 [objection to evidence not in the record], 64 ["There's no evidence before this court, judge. This is an adversary hearing. They have no evidence that they have presented to you. . . . you have not offered those…."]; 66 ["That's not evidence before the court."]). When Mendoza's counsel attempted, at the last, to admit two Declarations attached to a federal court filing attached to his Supplement (discussed below), Rettig's counsel objected that

18

it gave him no opportunity to cross-examine (RR:68). The court said (improperly), "I'll take a look at everything. I have all the documents in before me." (RR 68-69)

Mendoza had the burden to prove by clear and convincing evidence that the Louisiana federal court judgment was not entitled to full faith and credit. By failing to prosecute an evidentiary hearing, Mendoza fundamentally failed to overcome the prima facie case for enforcement of the Louisiana Federal Court judgment. His arguments on the merits should be rejected out of hand for this reason alone. The trial court's orders should be reversed.

III. **Mendoza's Argument that He Was Denied Due Process Regarding Service of the Lawsuit is Baseless**

If this Court determines that the trial court properly reviewed the "evidence" attached to the pleadings on file, Mendoza likewise failed to meet his burden to show by clear and convincing evidence that he could prevail.

A.    **No Testimonial Evidence Regarding Adequate Process Was Filed**

In his First Amended Motion to Vacate (CRII: 560-569), Mendoza alleged Rettig "failed to properly serve him" (CRII: 560, 564) with the original Louisiana Federal Court lawsuit. He contends that the person cited as his agent for service was not his agent and therefore he was not actually served with the suit (CRII: 564). Notably, Mendoza does not say he did not know about the lawsuit. Rather, he relies on a technicality that, under federal law, is without merit.

19

Mendoza offered no testimonial evidence or similar proof of lack of service. Rather, attached to his Amended Motion to Vacate are pleadings and orders from the state court litigation (CRII: 638-51, 683) and federal court. The federal court documents include PACER filings (CRII: 570-76), Rettig's Complaint (CRII: 577-581) with Promissory Note and Forbearance Agreement signed by all judgment defendants (including Mendoza) attached (CRII: 582-583, 584-601), Rettig's Motion for Summary Judgment (CRII: 612-629), and the Federal Court Order granting that motion (CRII: 630-637). Notably, the Court pronounced in the Summary Judgment Order, "*Co-defendants* Sergio Lopez, Patrick G. Mendoza, or Troy J. Williams did not join in the opposition or file separate oppositions," and "Counsel did not enroll to represent *defendants* Sergio Lopez, Patrick G. Mendoza, or Troy J. Williams, *who are presently pro se* and did not file any responses to the pending motions." (*id.* at 630, n. 3, and 632, n. 18). Mendoza also attached the Federal Court Judgment which lists him as a defendant (CRII: 637, accord 652-653).

Mendoza further attached the Federal Court Summons of lawsuit issued to him along with the Proof of Service (CRII: 684-85) and the Answer filed in federal court on behalf of all defendants, including Mendoza (CRII: 686-689). Finally, he attached the Motion to Withdraw filed by the attorney for all defendants in the federal suit after the Answer was filed, the order granting same, and the Notice of

Submission of motion for summary judgment (CRII:690-97). No affidavits, deposition testimony, or other testimonial evidence was attached.

Mendoza then filed a "First Supplement to First Amended Motion to Vacate" (CRII: 710-915) which did nothing more than attach his Opposition to a request for injunction filed by Rettig in federal court, and his Rule 60 Motion filed in federal court (CRII: 714-867). Important here, in the Opposition Mendoza complains only about the alleged failure to serve him with the federal court *motion for summary judgment* (CRII: 714-15). Indeed he attaches to the Opposition Declarations from himself and an attorney named Adriana Midkiff, but neither says anything about service of the federal court lawsuit and instead only address some alleged lack of notice of the motion for summary judgment (CRII: 865-66, 867). *He did not argue that he was not served with the lawsuit in that federal court filing* (*id.*). Therefore, nothing attached to that portion of the Supplement provides any evidence of lack of service of the suit.

Mendoza also attached to his Supplement his federal court Motion for Relief from Judgment (FED. R. CIV. P. 60) (CRII: 869-907). But that Motion only attaches a bank statement, an adversary proceeding involving a non-party, and the same two Declarations. Again, in the Rule 60 Motion, Mendoza complains about the alleged failure to serve him with the federal court motion for summary judgment (CRII: 873-74). *He does not argue that he was not served with the*

21

***lawsuit or that he was denied adequate service***. (id.)

Finally, Mendoza attached to the Supplement the federal court's order denying Rettig's injunction request, which makes no findings whatever about Mendoza's various filings (CRII: 908-915).

In sum, Mendoza filed no affidavits or testimonial evidence to show he was deprived of adequate service of the federal court lawsuit. He wholly failed to meet his burden to prove, by clear and convincing evidence, that the federal court judgment could not be afforded full faith and credit on that basis. The trial court's orders must be reversed.

## B. Mendoza was Afforded Adequate Process

### 1. Applicable Law

In the alternative, if any of the above can be considered some evidence on the issue, then the trial court failed to consider or apply the law applicable to Mendoza's arguments, that is, the "law of the rendering state." *Mindis Metals*, 132 S.W.3d at 484. In federal court, "[A]n individual . . . may be served in a judicial district of the United States by . . . delivering a copy of [the summons and of the complaint] to an agent authorized for appointment . . . to receive service of process." FED. R. CIV. P. 4(e)(2).

Critical here, "A party **waives** any defense [to service] by . . . failing to either: (i) make [the defense] by motion under [Rule 12]; or (ii) include it in a

responsive pleading . . . ." FED. R. CIV. P. 12(b), (h) (emphasis added). Due process does not require actual notice, it requires notice reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to respond. *Blanco River, LLC. v. Green*, 457 F. Appx. 431, 436-37 (5th Cir. 2012). Federal Rule 12(b) requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading." Under Federal Rule 12(h), a party waives any defense of lack of personal jurisdiction, insufficient process, and insufficient service of process by omitting it from a responsive pleading. The Fifth Circuit holds:

> "**Where the defendant has appeared in the original action, the judgment in that cause is res judicata on the issue of personal jurisdiction, whether the defendant actually litigated the question or merely permitted it to pass without objection**. Defense to an adverse judgment on the basis of the failure of the rendering court to obtain jurisdiction of the person is therefore foreclosed, unless . . . the defendant ma[de] no appearance . . . ."

*Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 153–54 (5th Cir. 1974) (emphasis added); accord, *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.").

In addition, pursuant to federal court authority, an attorney who enters an appearance for a party is presumed to have the power and authority to do so. *Gray*

23

*v. First Nat'l Bank of Dallas*, 393 F.2d 371, 384 n. 17 (5th Cir. 1986). When the appearance of the attorney is presumed authorized, the failure of the party to contend otherwise and assert insufficient service of process in a Rule 12 pleading operates as a **waiver** of that defense. *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 46 (4th Cir. 1968). Texas Rules provide similarly. TEX. R. CIV. P. 120 ("The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law.")

"A litigant, who has full knowledge that a suit is pending against them, cannot simply sit back . . . without taking any action to follow up on the status of the suit . . . . If they do so, they will be at their peril." *Green v. Johnson, Richards & Co.*, 2011 WL 5190282, * 4 (M.D. La. 2011).

### 2.    Mendoza's Proffer

A review of Mendoza's proffer, if it is evidence, shows he was served with the lawsuit and he was not denied adequate process. The Forbearance Agreement on which the foreign lawsuit was filed and judgment entered establishes the relationship of the parties: a Note had been previously executed by Defendants, payable to Rettig, and had to be satisfied and paid in full by November 30, 2013 (CRII: 584 at ¶¶ 1(a)-(c)). Defendants failed to satisfy the Note and defaulted (*id.*

24

at ¶ 1(d)). As of January 27, 2014, Defendants owed Rettig over $2.5 Million (*id.* at ¶ 1(e)). The parties executed a Forbearance Agreement, in which "Lender is willing to forbear from further actions authorized under the Loan Documents as a result of the Existing Default, subject to the terms and conditions set forth herein." (*id.* at ¶ 1(f))

Under the Forbearance Agreement, Defendants agreed to repay the loan with partial payments due on February 28, 2014, March 31, 2014, April 30, 2014, May 31, 2014, and June 30, 2014 (CRII: 585 at ¶ 5). During that period, Rettig agreed not to exercise his rights and remedies under the Loan documents, e.g., the "forbearance period" (CRII: 585 at ¶ 4). "**Provided however**, upon expiration of the forbearance period **or** the occurrence of any default," Lender would be permitted without notice to enforce the Loan Documents (*id.*) (emphasis added).

During the forbearance period -- that is, through June 30, 2014 -- the Borrowers "hereby irrevocably designate and appoint Jay D. Crutcher, Crutcher & Christiansen, PLLC, as their agent for service of process as to any lawsuit that Lender may initiate in connection with this Agreement and/or the Loan Documents." (CRII: 586 at ¶ 16)

Defendants defaulted on the Forbearance Agreement by failing to pay in February and March 2014, so Rettig filed suit in federal district court, Eastern District of Louisiana, on April 30, 2014 (CRII: 577-581). Rettig served all

25

defendants by serving Jay Crutcher as the irrevocably designated and appointed agent for service for all defendants pursuant to the Forbearance Agreement. (CRII: 580-81, 684-85 [Summons on Mendoza and Proof of Service], 823-35 [correspondence to Crutcher from counsel for Rettig]). Clearly the lawsuit Rettig initiated was "in connection with this [Forbearance] Agreement and/or the Loan Documents." (CRII: 586 at ¶ 16) The suit was filed during the forbearance period, which did not expire until June 30, 2014 pursuant to the Agreement (CRII: 585 at ¶¶ 4, 5).

The documents show Crutcher, as agent for Mendoza and all defendants, accepted service of the lawsuit and retained counsel for Mendoza and all defendants in attorney William Kelly (CRII: 686-689; see also CRII: 850-52 [correspondence between Crutcher, Kelly, and Rettig's lawyers regarding service of suit, retention of Kelly for all defendants, and request for extension of time to file Answer on behalf of all Defendants]). As evidenced by the Federal Court Docket Entries, all Defendants – Mendoza included – were represented in the litigation (CRII: 572-574, Dkt # 9, 10, 11, 12, 13, 14, 18, 20, 27, 28). Attorney Kelly filed an Answer on behalf of all defendants – Mendoza included -- after seeking and obtaining an extension of time on their behalf to do so (CRII: 856-858 [Extension Request], 686-689, 869-862 [Answer]).

The litigation ensued, with no complaint by any defendant – Mendoza

included -- that Crutcher was not their agent for service or that attorney Kelly had no authority to seek meaningful relief and file an answer on their behalf (see Federal Court Docket Entries – CRII: 572-575: no motions filed by Mendoza at all). Mendoza admits he never filed any motions in federal court complaining about lack of service. *As stated, his recently-filed Rule 60 Motion does not complain about lack of service of the lawsuit* (CRII: 873-74).

Finally, it is important that in the aforementioned Declaration of Mendoza, Mendoza CONFIRMS William J. Kelly represented him in the federal court lawsuit and relied on Kelly's representations on his behalf: "I never received a copy of Rettig's [MSJ] via U.S. Mail or any other method of delivery at 209 Timberview Drive, Boerne, Texas 78006. *That was the address provided to the Court and all parties in William J. Kelly's motion to withdraw as counsel*. (Docket No. 19)." (CRII: 867) (emphasis added).

### 3. Conclusion

Under the Forbearance Agreement, Crutcher was Mendoza's authorized agent for service. Crutcher accepted service as that authorized agent, then obtained counsel who filed an answer to the lawsuit. William Kelly entered an appearance for all defendants, Mendoza included, and obtained an extension of time to file an Answer, and filed that Answer. At no time did Mendoza argue that Kelly had no authority to act for him. Mendoza was well aware of the filing of Kelly's motion

27

to withdraw, as stated in his Declaration above. He then sat back and took no action. He did so at his peril. The federal court Order and Judgment make clear that Mendoza was a party defendant, and a party to the judgment (CRII:630-37). The judgment is res judicata on the issue of jurisdiction. *Hazen Research*, 497 F.2d at 153-54. Mendoza did not file – and has never filed – any motion in federal court complaining about lack of service of the lawsuit.

Mendoza failed to establish by clear and convincing evidence that the Louisiana Federal Court judgment is not entitled to full faith and credit on the grounds of inadequate service of process. The trial court could not have vacated the domesticated foreign judgment on that basis.

### C. The Foreign Judgment is Not Subject to Modification Because of Some Alleged Lack of Notice of the Summary Judgment Motion[4]

Mendoza asserted for the first time, in his amended motion to vacate filed on March 27, 2015, that he had no notice of Rettig's federal court motion for summary judgment and thus his due process rights were violated and the federal judgment is void. This is patently erroneous, as the record shows.

---

[4] Mendoza alleged as an alternative in his motion to vacate that a bankruptcy stay was required (CRII: 566-67). That request was necessarily denied given the court went forward with the case and vacated the foreign judgment. The request was also baseless: the Bankruptcy Court had already refused Mendoza's request to grant a stay by order dated March 9, 2015 (CRII: 980, Bankruptcy Court Order, *In re Nogal Energy LLC*, Cause No. 14-50226, Southern District of Texas).

Mendoza appears to attempt to trigger the exception to the full faith and credit doctrine that a foreign judgment subject to modification under the law of the rendering state is not binding. *Mindis Metals*, 132 S.W.3d at 482. First, Mendoza filed no standard post-judgment motion and no appeal from the September 2014 judgment. It was not until May 2015 that Mendoza filed a Rule 60 Motion (CRII: 873-884) asserting as the sole ground lack of notice of the motion for summary judgment, which he said was a due process violation that rendered the judgment void. FED. R. CIV. P. 60(b)(4). Such a motion must be filed "within a reasonable time." *Id*. at 60(c)(1). The foreign judgment was filed on October 3, 2014. Mendoza says he received notice December 12, 2014. If that is true, the Rule 60 motion was not filed until five months later, and only after Rettig vehemently opposed his motion to vacate in Texas. The Rule 60 motion was not filed "within a reasonable time."

Second, under the law of the rendering state, a litigant who contends he was afforded insufficient process -- which would apply to the alleged failure to serve the litigant with a dispositive motion -- must assert that defense in court prior to the entry of judgment or it is waived. FED. R. CIV. P. 12(b)(4). A party must timely file a motion for new trial or a motion to alter or amend the judgment after a nonjury trial to raise grounds for a rehearing. FED. R. CIV. P. 59. "A litigant who has full knowledge that a suit is pending against them, cannot simply sit back . . .

29

without taking any action to follow up on the status of the suit (regardless of what 'agreements' they may have with their co-defendants as to who is 'handling' the suit)." *Green*, 2011 WL 5190282 at *4.

*Mindis Metals v. Oilfield, supra* is on point. There, a motion to vacate a filed foreign judgment was granted based on Oilfield's contention that it did not receive proper notice of a motion for summary judgment ultimately granted by a Georgia Court. Only one of three defendants was named in the certificate of service and Oilfield was not one of them. *Id.*, 132 S.W.3d at 488. Just as in this case, Oilfield originally had counsel, who filed an answer to the lawsuit, then that counsel withdrew before the motion for summary judgment was filed. *Id.* The Houston Court of Appeals held that any defect in service of the motion could have been cured, or certainly objected to, before judgment on the motion for summary judgment was final. *Id.* at 488-489. The court reversed the order vacating the foreign judgment holding, "under Georgia law, it was Oilfield's obligation to monitor the litigation to which it was a party, or suffer the consequences." *Id.* at 489, n. 15. Mendoza waived any assertion of inadequate process regarding the motion for summary judgment.

In addition, Mendoza cannot legitimately contend he was deprived of due process in federal court. Under FED. R. CIV. P. 77(d), "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided by Rule

30

5(b), on each party who is not in default for failing to appear." The record shows that the Federal Court Clerk's Office sent *multiple* Orders related to the case and the filing of the motion for summary judgment, as well as deadlines to file responses and extensions thereof, to Mendoza at the address he confirmed, in his Declaration, was his last known address: 209 Timber View Drive, Boerne, Texas (CRII: 867). The federal court clerk delivered notice of the following documents, with those documents attached, to Mendoza at his now confirmed address in Boerne, Texas:

- "ORDER Granting Motion to Withdraw as Attorney" - August 18, 2014 (CRII: 1009).

- "ORDER Granting in Part MOTION to Continue; All defendants may file an opposition to the motion for summary judgment on or before 8/29/2014" – August 27, 2014 (CRII: 1012)

- "ORDER re MOTION for Summary Judgment; ORDERED that all defendants may file an opposition to the motion for summary judgment on or before noon CST on 9/2/2014." – August 29, 2014 (CRII: 1015)

- "ORDERED that Plaintiff's Motion for leave to file a reply is GRANTED. ORDERED that the motion to stay and the motion for summary judgment are taken under submission and the motion to expedite is MOOT." – September 4, 2014 (CRII: 1018)

- "ORDER AND REASONS denying MOTION to stay; granting MOTION for Summary Judgment. FURTHER ORDERED that the parties shall comply with the Court's minute entry of this date addressing attorneys' fees and costs" – September 22, 2014 (CRII: 1021)

- "JUDGMENT entered in favor of Jack Rettig against Christopher Garcia, Patrick G. Mendoza, Ronald E. Bruno, Sergio Lopez, Troy J. Williams." – September 30, 2014 (CRII: 1034)

- "JUDGMENT on Attorneys Fees in favor of Jack Rettig against Christopher Garcia, Patrick G. Mendoza, Ronald E. Bruno, Sergio Lopez, Troy J. Williams." – October 16, 2014 (CRII: 1037)

Mendoza cannot deny that he was provided with repeated notices – directly from the federal court – that a motion for summary judgment was pending, that a response was due on one date, then a later date, that the motion was to be submitted, and that the motion was decided. Mendoza cannot legitimately allege that he was denied any due process rights relative the pending motion for summary judgment. He had every notice and opportunity to respond.

Finally, under FED. R. CIV. P. 5, service of a mid-litigation document on a party can be through his counsel. The motion for summary judgment was served by Rettig on attorney Adriana Midkiff, who at that time was apparently representing Mendoza and the other defendants and confirmed that she transmitted a copy of the motion to Mendoza and the other defendants by email the day it was filed and served on her (CRII: 999-1001, 1002-1008). The record includes authenticated emails between Midkiff and counsel for Rettig indicating that she received the motion and forwarded it to the defendants as requested (CRII: 1002-1008).

Midkiff has since signed a Declaration stating she did not represent Mendoza at the time (CRII: 865-66). Notably, she does not say that she did not transmit the motion to Mendoza as her emails to Rettig's counsel indicate. All she

32

says is she did not represent Mendoza. Her emails belie that assertion. But even if she did not represent Mendoza, she *did* accept service of the motion and *did* transmit it to Mendoza and the other defendants that very day (CRII: 1002-1008). Midkiff's Declaration is not clear and convincing evidence standing alone, let alone in light of the balance of the record.

So too for Mendoza's Declaration, which very carefully chooses its words: "I never received a copy of Rettig's motion for summary judgment via U.S. mail or any other method of delivery at 209 Timber View Drive, Boerne, Texas 78006. That was the address provided to the Court and all parties in William J. Kelly's motion to withdraw as counsel (Docket No. 19)." (CRII:867) He does not say he never received a copy at all, or that he had no notice that the motion was filed. He also confirms, "Midkiff and I did communicate through email. However I have no recollection of receiving the motion for summary judgment that Jack Rettig filed in this lawsuit." (CRII:867) "Having no recollection" is very different from not actually, truly receiving the document, or having no notice of the document at all. As an interested witness, Mendoza's credibility is immediately in question. Of course Rettig objected to the admission of these Declarations at the hearing because he was deprived of his right to cross examine and the court admitted them anyway. That was error.

A complete review of this record establishes Mendoza was not deprived of

his due process rights. He cannot show that he had no notice of the motion for summary judgment.

Mendoza failed to meet his burden to present clear and convincing evidence that the federal Louisiana judgment is not entitled to full faith and credit in Texas. The trial court abused its discretion by vacating that filed foreign judgment.

## III. Garcia, Lopez, Bruno and Williams

Garcia did nothing more than piggy-back Mendoza's motion to vacate, asserting that if Mendoza prevailed on his motion, Garcia somehow prevailed as well (CR 443-507). Garcia raised no independent grounds to vacate the judgment (*id.*), nor could he, given that he fully participated in the federal court action, including filing a response to the motion for summary judgment after seeking an extension of time to do so. The Federal Court Order Granting Summary Judgment states the following:

> On April 30, 2014, plaintiff filed this lawsuit against defendants to enforce the note.[13] Defendants filed a joint answer in which they did not assert any affirmative defenses, but "reserve[d] the right to amend their Answer and to add Affirmative Defenses to assert such additional facts, theories or defenses as may become known during the course of this litigation."[14]
>
> After plaintiff obtained leave to file a motion for summary judgment,[15] defendants' then- counsel sought and obtained leave to withdraw.[16] Plaintiff filed the instant motion for summary judgment to enforce the promissory note on August 19, 2014.[17] On the day oppositions to the motion for summary judgment were due, present counsel moved to enroll

on behalf of defendants Bruno and Garcia and moved to continue the submission date of the motion for summary judgment.[18] The Court granted the motion to enroll,[19] extended the time to file an opposition, but maintained the submission date of the motion for summary judgment.[20] After a second extension of the opposition deadline/[1] defendants Bruno and Garcia filed their opposition to the motion for summary judgment on September 2, 2014.[22]

On September 2, 2014, Bruno and Garcia also filed (1) a demand for arbitration against plaintiff and a corporate entity he allegedly controls based on purported fraud in connection with a sale of oil and gas equipment, and (2) a motion[23] to stay this case pending resolution of that arbitration. Plaintiff filed an opposition to the motion to stay and a reply in support of his motion for summary judgment.[24]

(CRII: 631-32) (footnotes omitted). Clearly Garcia fully participated in federal court.

Mendoza's counsel conceded the same at the motion to vacate hearing, with no objection from Garcia's counsel (RR: 25). Mendoza's counsel reiterated that the "due process argument is made primarily by Mr. Mendoza." (RR:29) Indeed Garcia presented no evidence at the hearing on the motion to vacate (RR, *passim*). His disingenuous position that he is entitled to vacate the judgment fails out of hand.

Garcia next contended that if Mendoza's motion to vacate was granted, the foreign judgment was somehow rendered interlocutory, which he contends is one

of the exceptions to the full faith and credit rule (see, e.g., RR: 29 [Mendoza counsel urges same argument: "If the Court determines there's a problem with due process . . . you have an interlocutory judgment, which means it cannot be domesticated at this point."]). The argument is misplaced. The only significance to whether a judgment is interlocutory has to do with the foreign judgment as set forth in the argument and case law above: if the ***foreign judgment*** is interlocutory, it is not amenable to full faith and credit. *Mindis Metals*, 132 S.W.3d at 484. The foreign judgment is not interlocutory.

And Garcia's counsel conceded that the Webb County Court could not affect the federal court judgment: "I would like to just point out that we're asking you to do is not to vacate the federal judgment. Nothing will happen to that. That will stay pending in Louisiana;" "This doesn't challenge the federal court judgment directly." (RR: 28, accord, 29).

This is true: the Webb County Court could not order a new trial in the foreign court or otherwise affect that judgment; that court was only presiding over the domestication action. *Mindis Metals*, 132 S.W.3d at 483, and n. 4. In federal court, Mendoza made the following concession, which is binding upon Garcia, who is relying entirely on Mendoza for relief:

> Regardless of what happens in the Webb County Domestication Suit, Rettig will still have his judgment from this Court unless and until this Court vacates or modifies its judgment." (CRII: 719) "Contrary to Rettig's arguments, the Webb County Domestication Suit - the lawsuit

that Rettig himself filed - cannot result in the vacatur of this Court's judgment entered in this civil action. If Mendoza or the other defendants are successful with their motions, then the Texas court will simply vacate the *Texas judgment* that Rettig obtained by virtue of the domestication action *Rettig filed* pursuant to the Texas Uniform Enforcement of Foreign Judgments Act, TEX. CIV. PRAC. & REM. CODE Chapter 35. While Rettig may not have a Texas judgment if that happens, Rettig will still have the judgment this Court entered in this civil action unless and until this Court vacates or modifies its judgment. Thus, the Webb County Domestication Suit does not frustrate this Court's jurisdiction, . . . .

(CRII: 720)

Simply because the judgment is not enforceable in Texas as to Mendoza (which position Rettig denies) does not render the judgment unenforceable in Texas as to Garcia (and Lopez, Bruno and Williams). The foreign judgment was not rendered interlocutory in Webb County by virtue of a ruling on Mendoza's motion. The foreign judgment is full and final and it is binding on Garcia, who has never provided an independent basis in any court to refuse to give it full faith and credit, and on Lopez, Bruno and Williams.

As for Lopez, he never obtained a hearing on his motion to vacate (CR, *passim*; RR: 5). Although, it is noteworthy that the trial court's order granting Mendoza's motion states, "all relief not expressly granted is denied" and "this judgment disposes of all parties and all claims, causes of action and requests for affirmative relief, and therefore is final and appealable." (CRII: 1044) Lopez's request for relief was therefore denied under the terms of the Order signed by the

37

trial court.  Otherwise, it is moot.  Either way, the foreign judgment is binding on him and it is enforceable in Texas.

Similarly, Rettig would point out that given the Mother Hubbard clause in the Order granting Mendoza's motion to vacate signed on May 8, 2015, Garcia's motion to vacate, which was still pending at the time, could be construed as denied.

Bruno and Williams filed no motions attacking the foreign judgment in Texas at all (CR, *passim*).  That foreign judgment is likewise binding on them in Texas.

## CONCLUSION AND PRAYER

The trial court's orders are void because they were entered after plenary power expired.  In the alternative the trial court failed to follow guiding rules and principles and failed to properly consider the record (or lack thereof) when it found that this foreign judgment was not entitled to full faith and credit.  Mendoza proffered no evidence, let alone clear and convincing evidence, to show that he was deprived of adequate process or due process in the proceedings below.  The balance of the Appellees either filed no motions to vacate, or did not have them heard, or failed to establish that the federal judgment to which they are parties was not entitled to full faith and credit.

WHEREFORE, Appellant Jack Rettig prays the Court to REVERSE the trial court's orders and RENDER judgment in his favor.  Rettig prays for all other relief

to which he is entitled.

Respectfully submitted,

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair
State Bar No. 14650500
**LAW OFFICE OF AUDREY MULLERT VICKNAIR**
802 N. Carancahua Ste. 1350
Corpus Christi, TX 78401-0022
(361) 888-8413; (361) 887-6207 fax
avicknair@vicknairlaw.com

C. M. HENKEL III
State Bar No. 09463000
FRITZ, BYRNE, HEAD & FITZPATRICK, PLLC
500 North Shoreline, Ste. 901
Corpus Christi, Texas 78401
(361) 883-1500; (361) 888-9149 fax
skip@cmhenkel.com

*Attorneys for Appellant Jack Rettig*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies, pursuant to TEX. R. APP. P. 9.4(i)(2)(B), that this computer-generated brief is **9,602** words long according to the word count of the computer program used to prepare this document (Microsoft Office Word 2003/2007), from the Statement of Facts through the end of the Prayer. Typeface font is 14-point in the body and 13-point in the footnotes.

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Texas Rules of Appellate and Civil Procedure, on counsel named below, on this the **14th** day of September, 2015.

Lance H. Beshara – *counsel for Appellee Mendoza*
PULMAN CAPPUCCIO
PULLEN BENSON & JONES, LLP
2161 N.W. Military Hwy., Suite 400
San Antonio, Texas 78213

Jana K. Terry – *counsel for Appellee Garcia*
BECKSTEAD TERRY P.L.L.C.
9442 N. Capital of Texas Hwy.
Arboretum Plaza One, Suite 500
Austin, Texas 78759

Carlos Evaristo Flores – *counsel for appellee Lopez*
PERSON,WHITWORTH, BORCHERS &MORALES, LLP
602 E. Calton Road, 2nd Floor
P.O. Drawer 6668
Laredo, Texas 78042-6668

Darrell W. Cook – *counsel for appellee Williams*
Darrell W. Cook & Associates, P.C.
One Meadows Building
5005 Greenville Ave., Ste. 200
Dallas, Texas 75206

*Above by tex.gov electronic filing system*

Ronald E. Bruno – *pro se appellee*
2838 Woodside Street
Dallas, Texas 75204
And/or
2304 Matador Circle
Austin Texas 78746

*By US Mail*

*/s/ Audrey Mullert Vicknair*
Audrey Mullert Vicknair

No. 04-15-00350-CV

IN THE COURT OF APPEALS FOR THE
FOURTH JUDICIAL DISTRICT OF TEXAS
SAN ANTONIO

**Jack Rettig,**
                                      **Appellant**
**v.**

**Ronald Bruno, et al,**
                                      **Appellees**

Appeal from the 111th District Court of Webb County, Texas

**APPENDIX TO APPELLANT JACK RETTIG'S BRIEF**

A   -    Webb County Orders Granting Mendoza and Garcia's Motions to Vacate (CRII: 1043-1050, 1051-1062)

B   -    Foreign Judgment Filed by Jack Rettig in Harris County (CR 20-54)

C   -    Harris County Court Order Granting Motion to Transfer Venue (CR 17)

## NO. 2015CVQ000699 D2

| | | |
|---|---|---|
| JACK RETTIG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | WEBB COUNTY, TEXAS |
| RONALD E. BRUNO, ET AL. | § | |
| | § | |
| Defendants | § | 111TH JUDICIAL DISTRICT |

## ORDER GRANTING CHRISTOPHER GARCIA'S MOTION TO VACATE JUDGMENT

On this day came to be considered the Motion to Vacate Judgment filed by Defendant Christopher Garcia. Defendant Garcia seeks to vacate the judgment entered in this cause pursuant to the Uniform Enforcement of Foreign Judgment Act based upon the September 30, 2014 Judgment rendered in Civil Action No. 2:14-cv-00996-LMA-SS in the United States District Court for the Eastern District of Louisiana, which judgment was first unsuccessfully domesticated in Texas in Cause No. 2014-59941 in the District Court of Harris County, Texas, 189th Judicial District (collectively, however styled and numbered, the "Judgment").

After considering the pleadings, the motion, and the response, if any, the Court is of the opinion that the Motion to Vacate Judgment should be, and hereby is, GRANTED.

It is, therefore, ORDERED that the Judgment is hereby VACATED and declared NULL, VOID and WITHOUT EFFECT. The Judgment is not recognized and shall not be subject to enforcement in Texas under the Texas Uniform Enforcement of Foreign Judgments Act or otherwise.

With regard to any and all abstracts of the Judgment, which Plaintiff Jack Rettig has filed

1

for recording in any Texas county prior to this date (including without limitation the Abstract of Judgments electronically recorded in Dallas County, Texas as Instrument Number 201400260153 (a copy of which is attached to this ORDER as Exhibit A)) (collectively, the "Abstracts"), IT IS FURTHER ORDERED that the Abstracts are likewise NULL, VOID and WITHOUT EFFECT as a result of this Order.

SIGNED AND ORDERED ENTERED this ____ day of _____, 2015.

_____
JUDGE PRESIDING

2

1052

EXHIBIT "A"

NO. 2014-57941

| | | |
|---|---|---|
| JACK RETTIG | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RONALD E. BRUNO, ET AL. | § | 189TH JUDICIAL DISTRICT |

## ABSTRACT OF JUDGMENT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Plaintiff Jack Rettig files this Abstract of Judgment pursuant to Texas Property Code sections 52.002 *et seq.*, and shows as follows:

1. The Plaintiff is Jack Rettig.

2. The Defendant is Christopher Garcia.

3. The Defendant's birth date is unknown.

4. The last three numbers of the Defendant's driver's license are unknown.

5. The last three numbers of the Defendant's social security number are 401.

6. The number of the suit in which the judgment was rendered is Civil Action number 2:14-cv-00996-LMA-SS in the United States District Court for the Eastern District of Louisiana, entitled *Jack Rettig v. Ronald E. Bruno, et al.*

7. The address of the Defendant is as follows:

Christopher Garcia
5906 Velasco Avenue
Dallas, Texas 75206

1054

PD 12635237.1

The address of the Plaintiff is as follows:

Jack Rettig
c/o Marc G. Matthews
Phelps Dunbar, LLP
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone (713) 877-5523
Telecopier (713) 626-1388
marc.matthews@phelps.com

8. The judgment was rendered and entered on September 30, 2014.

9. The judgment was rendered against the Defendant in the total amount of $2,692,895.23. The balance due as of October 7, 2014 is $2,692,895.23.

10. No amount of the balance due is for child support arrearage.

11. The rate of post-judgment interest is 14.0% per annum.

## VERIFICATION

Before me, the undersigned notary public, on this day personally appeared Marc G. Matthews and, after I verified his identity through his presentation of a government-issued identification card that contained his photograph and after being duly sworn by me, he verified that he prepared the attached Abstract of Judgment, and that it is true and correct based on his personal knowledge.

_____
Marc G. Matthews

SWORN TO AND SUBSCRIBED before me the 9th day of October, 2014.

_____
NOTARY PUBLIC

- 2 -

PD 12635237 1

Respectfully submitted,

PHELPS DUNBAR LLP

Marc G. Matthews
Texas Bar No. 24055921
marc.matthews@phelps.com
Andrew B. Brown
Texas Bar No. 24078264
Andrew.brown@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**ATTORNEYS FOR PLAINTIFF
JACK RETTIG**

**Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
10/09/2014 04:28:12 PM
$34.00
201400260153**



- 3 -

CAUSE NO. 2015CVQ000699 D2

| | | |
|---|---|---|
| JACK RETTIG, | § | IN THE DISTRICT COURT |
| PLAINTIFF, | § | |
| | § | |
| V. | § | 111TH JUDICIAL DISTRICT |
| | § | |
| RONALD E. BRUNO, ET AL., | § | |
| DEFENDANTS. | § | WEBB COUNTY, TEXAS |

## ORDER ON PATRICK MENDOZA'S FIRST AMENDED MOTION TO VACATE JUDGMENT AND/OR STAY ENFORCEMENT, & FINAL JUDGMENT

On this day came to be considered Patrick Mendoza's First Amended Motion to Vacate Judgment and/or Stay Enforcement (the "**Motion**"). After considering the Motion, the response, if any, and the arguments of counsel, the Court is of the opinion that the Motion should be **GRANTED** as set forth herein. It is therefore

**ORDERED** that the Motion is hereby **GRANTED** as set forth herein. It is further

**FOUND** that Patrick Mendoza was not actually, constructively, or validly served with process in the civil action styled and numbered *Rettig v. Bruno, et al.*; Civil Action No. 2:14-cv-00996-LMA-SS; in the United States District Court for the Eastern District of Louisiana (the "**Louisiana Action**"). It is further

**FOUND** that Patrick Mendoza was not actually, constructively, or validly served with the motion for summary judgment that was filed and ultimately granted in the Louisiana Action, which gave rise to the judgment that the plaintiff has submitted for domestication in this cause (the "**Louisiana Judgment**"). It is further

**ORDERED, ADJUDGED,** and **DECREED** that the Louisiana Judgment is not entitled to full faith and credit under the applicable constitutions and laws. It is further

**ORDERED, ADJUDGED,** and **DECREED** that the judgment entered automatically in this cause pursuant to the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac. & Rem. Code Chapter 35, by virtue of the docketing of this cause by the Webb County District Clerk on February 25, 2012, or otherwise is **VACATED.** It is further

**ORDERED, ADJUDGED,** and **DECREED** that plaintiff take nothing on plaintiff's claims, causes of action, and requests for affirmative relief. It is further

**ORDERED, ADJUDGED,** and **DECREED** that costs are taxed against plaintiff. It is further

**ORDERED, ADJUDGED,** and **DECREED** that the District Clerk shall, upon demand and payment, duly prepare and issue all writs and other process necessary to enforce this judgment. It is further

**ORDERED, ADJUDGED,** and **DECREED** that the appropriate government official, including a sheriff or constable or a deputy of either, shall, upon payment, duly serve all writs and other process in accordance with the law and prepare and file a return of the same identifying how it was executed. It is further

**ORDERED, ADJUDGED,** and **DECREED** that all relief not expressly granted herein is **DENIED.**

This judgment disposes of all parties and all claims, causes of action, and requests for affirmative relief, and therefore is **FINAL** and **APPEALABLE.**

**RENDERED** and **SIGNED** this ___8th___ day of May, 2015.

_____

THE HON. MONICA Z. NOTZON, PRESIDING JUDGE

−2−

1044

## 2014-57941 / Court: 189
2015CVQ0000699 D2

NO. _____

| | | |
|---|---|---|
| **JACK RETTIG** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **RONALD E. BRUNO, ET AL.** | § | _____ **JUDICIAL DISTRICT** |

### FILING OF FOREIGN JUDGMENT

Judgment Creditor Jack Rettig, by and through his attorney of record, Marc G. Matthews, files an authenticated copy of a judgment for domestication under the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac & Rem. Code § 35.001 *et seq.* The judgment was rendered and signed on Civil Action number 2:14-cv-00996-LMA-SS in the United States District Court for the Eastern District of Louisiana, and awarded Jack Rettig damages in the amount of $2,692,895.23 (including prejudgment interest from September 1, 2014) against the judgment debtors. A copy of the judgment, with authentication in accordance with an Act of Congress, is attached as Exhibit A. The judgment disposes of all parties and claims, as shown by the latest live Complaint in the underlying action, which is attached as Exhibit B. Although the judgment leaves reasonable attorneys' fees and costs to be determined later, "an unresolved issue of attorneys' fees for the litigation does not prevent judgment on the merits from being final." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union Fund of Operating Eng'rs & Participating Employers,* 134 S. Ct. 773, 781 (2014). Therefore, Exhibit A constitutes a valid final judgment entitled to full faith and credit in this Court.

The affidavit required by Texas Civil Practice and Remedies Code section 35.004 is attached as Exhibit C.

PD.12543579.1

20

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____

Marc G. Matthews
Texas Bar No. 24055921
Email: marc.matthews@phelps.com
Andrew B. Brown
Email: andrew.brown@phelps.com
Texas Bar No. 24078264
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
**ATTORNEYS FOR JUDGMENT CREDITOR
JACK RETTIG**

Certified Document Number: 62629766 - Page 2 of 3

PD.12543579.1

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Filing of Foreign Judgment has been mailed via U.S. Mail, certified mail, return receipt requested, and by regular first class U.S. Mail, to Judgment Debtors as listed below, on October 3, 2014.

Ronald E. Bruno
2838 Woodside Street
Dallas, Texas 75204

Christopher Garcia
5906 Velasco Avenue
Dallas, Texas 75206

Sergio Lopez
2927 Mahlhorn
Laredo, Texas 78045

Patrick G. Mendoza
7534 Steeple Drive
San Antonio, Texas 78256

Troy J. Williams
6150 Deer Run Circle
Sandia, Texas 78383

_____
Marc G. Matthews

Certified Document Number: 62629766 - Page 3 of 3

22

PD.12543579.1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:     62629766

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2015CVQ000699D2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JACK RETTIG                                                    CIVIL ACTION

VERSUS                                                        NO. 14-996

RONALD E. BRUNO, ET AL.                                       SECTION I

### JUDGMENT

Considering the record, the law, and the Court's September 22, 2014 order and reasons granting the motion for summary judgment filed by plaintiff, Jack Rettig,

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff, Jack Rettig, and against defendants, Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza, and Troy J. Williams, jointly and severally, for the unpaid principal of and interest under the promissory note in the amount of $2,692,895.23 as of August 31, 2014, together with interest accruing from September 1, 2014, at the rate of 14% per annum compounded monthly, and reasonable attorneys' fees and costs to be determined later.

New Orleans, Louisiana, September 30, 2014.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY

Oct 03 2014

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

EXHIBIT
A
24



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:        62629767

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

2014-5794 / Court: 189

FILED
2015 FEB 25 PH 2:39
ESTHER DEGOLLADO
CLERK OF THE DIST. COURTS
& COUNTY COURTS AT LAW
WEBB COUNTY, TEXAS
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

JACK RETTIG,

    Plaintiff

    v.

RONALD E. BRUNO, CHRISTOPHER GARCIA, SERGIO LOPEZ, PATRICK G. MENDOZA, AND TROY J. WILLIAMS,

    Defendants.

CIVIL ACTION NO.:

SECTION:

JUDGE:

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Jack Rettig, and respectfully shows as follows:

### PARTIES

1. Plaintiff, Jack Rettig, is an individual of the full age of majority domiciled in the State of Florida.

2. Defendant Ronald E. Bruno is an individual of the full age of majority domiciled in the State of Texas.

3. Defendant Christopher Garcia is an individual of the full age of majority domiciled in the State of Texas.

4. Defendant Sergio Lopez is an individual of the full age of majority domiciled in the State of Texas.

5. Defendant Patrick G. Mendoza is an individual of the full age of majority domiciled in the State of Texas.

Certified Document Number: 62629768 - Page 1 of 5



EXHIBIT
B
26

6.  All of the defendants are domiciled in the State of Texas; none are domiciled in the State of Florida.

## JURISDICTION AND VENUE

7.  Jurisdiction in this matter is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1) and (2) because: (A) on one hand, plaintiff, Jack Rettig, and all of the defendants, on the other hand, are citizens of different states; and (B) the amount in controversy, as set forth below, exceeds $75,000, exclusive of interest and costs.

8.  Venue is properly placed in the Eastern District of Louisiana by agreement of the parties.

## FACTS

9.  Plaintiff is the holder and owner of a good and valuable promissory note made and subscribed by the defendants on November 15, 2013, for a principal sum of $3,346,123.89 payable to Jack Rettig, bearing interest at 12.5% per annum, compounded monthly, with principal originally due on November 30, 2013. A true and accurate copy of the promissory note is attached as Exhibit A and hereafter referred to as the "Note."

10.  Under the terms of the Note, defendants Bruno, Garcia, Lopez, Mendoza, and Williams are bound solidarily. *See* Exhibit A.

11.  Defendants defaulted under the Note and, on February 27, 2014, the parties entered into a Forbearance Agreement, by which plaintiff promised to forbear in the exercise of its rights and remedies under the Note provided that defendants promised to pay the remainder of the loan by June 30, 2014, in monthly installments bearing interest at 14% per annum. A true and accurate copy of the Forbearance Agreement is attached as Exhibit B.

12.  According to the terms of the Forbearance Agreement, defendants promised to make payments on February 28, 2014, March 31, 2014, April 30, 2014, May 31, 2014, and June

PD.11371949.3

Certified Document Number: 62629768 - Page 2 of 5

27

30, 2014 in the amount of $534,452.35. Defendants defaulted by failing to pay the March installment due under the Forbearance Agreement. Defendants also failed to pay the entirety of the amounts coming due on February 28, 2014.

## COUNT I

### Collection of Promissory Note

13.    Plaintiff realleges and incorporates each and every allegation in paragraphs 1 through 12, inclusive.

14.    The terms of the Forbearance Agreement required defendants Bruno, Garcia, Lopez, Mendoza, and Williams to make monthly payments to Plaintiff.

15.    Defendants Bruno, Garcia, Lopez, Mendoza, and Williams have defaulted in making the installment payments they agreed to make in the Forbearance Agreement.

16.    As of April 21, 2014, defendants Bruno, Garcia, Lopez, Mendoza, and Williams are indebted solidarily to plaintiff under the Note and Forbearance Agreement in the principal amount of $2,516,324.43, together with accrued interest in the amount of $47,165.52, interest which continues to accrue at the rate of 14% per annum from and after that date, and all such other amounts due under the Note and Forbearance Agreement, including attorney's fees and all costs of collection.

WHEREFORE, plaintiff, Jack Rettig, prays that after due proceedings are had, this Court enter judgment:

A.    Against defendants Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza and Troy J. Williams, each to be bound solidarily, in the principal amount of $2,516,324.43, together with accrued interest in the amount of $47,165.52 through April 21, 2014, interest which continues to accrue from and after April 21, 2014 at the rate of 14% per

nf: :Certified Document Number: 62629768 - Page 3 of 5

3

PD.11371949.3

annum, and all such other amounts due under the Note and Forbearance Agreement, including attorney's fees and all costs of collection, and all court costs incurred in this proceeding; and

B.      Plaintiff further pleads for all such other relief to which he may show himself justly entitled in law or equity.

                                        Respectfully submitted,

                                        **PHELPS DUNBAR LLP**


                                        BY:      /s/ S. Ault Hootsell III
                                                    S. Ault Hootsell III (Bar No. 17630)
                                                    Bryant S. York (Bar No. 34165)
                                                    Canal Place
                                                    365 Canal Street • Suite 2000
                                                    New Orleans, Louisiana 70130-6534
                                                    Telephone: (504) 566-1311
                                                    Telecopier: (504) 568-9130
                                                    Email: ault.hootsell @phelps.com
                                                              bryant.york@phelps.com

                                        **ATTORNEY FOR PLAINTIFF,**
                                        **JACK RETTIG**


**PLEASE ISSUE SUMMONS TO:**

**Ronald E. Bruno**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

**Christopher Garcia**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

4

Certified Document Number: 62629768 - Page 4 of 5

29

**Sergio Lopez**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

**Patrick G. Mendoza**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

**Troy J. Williams**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

5

PD.11371949.3

Certified Document Number: 62629768 - Page 5 of 5 Pages

30



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:      62629768

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

NO. _____

| | | |
|---|---|---|
| JACK RETTIG | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| RONALD E. BRUNO, ET AL. | § | _____ JUDICIAL DISTRICT |

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Marc G. Matthews appeared before me and, after I confirmed his identity through his presentation of a government-issued identification that included his photograph, he stated under oath:

1. I am counsel for Jack Rettig, the judgment creditor in the judgment signed and rendered on September 30, 2014 in the case styled *Jack Rettig v. Ronald E. Bruno, et al.*, filed as case number 2:14-cv-00996-LMA-SS in the United States District Court for the Eastern District of Louisiana against Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza, and Troy J. Williams, jointly and severally.

2. The last known post office address of Ronald E. Bruno is 2838 Woodside Street, Dallas, Texas 75204.

3. The last known post office address of Christopher Garcia is 5906 Velasco Avenue, Dallas, Texas 75206.

4. The last known post office address of Sergio Lopez is 2927 Mahlhorn, Laredo, Texas 78045.

- 4 -

PD.12543579.1

Certified Document Number: 62629769 - Page 1 of 2



EXHIBIT

C

32

9. The last known post office address of Patrick G. Mendoza is 7534 Steeple Drive, San Antonio, Texas 78256;

10. The last known post office address of Troy J. Williams is 6150 Deer Run Circle, Sandia, Texas 78383.

11. The address of Jack Rettig is 316 Royal Plaza Drive, Fort Lauderdale, Florida 33301.

_____
Marc G. Matthews
Attorney for Judgment Creditor

Subscribed and sworn to before me this 3rd day of October, 2014.

_____
Notary Public State of Texas
My Commission Expires:

EILEEN O'NEILL
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
6-4-2016

Certified Document Number: 62629769 - Page 2 of 27

- 5 -

33

PD.12543579.1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:      62629769

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

2015CVQ000699D2

NO. 2014-57941

| | | |
|---|---|---|
| JACK RETTIG | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| RONALD E. BRUNO, ET AL. | § | 189TH JUDICIAL DISTRICT |

## PROOF OF NOTICE TO DEBTORS OF
## THE FILING OF A FOREIGN JUDGMENT

COMES NOW Judgment Creditor Jack Rettig ("Judgment Creditor"), by and through his attorney of record, Marc G. Matthews, providing the Court with Proof of Notice to Debtors of the Filing of a Foreign Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, Texas Civil Practice & Remedies Code section 35.001 *et seq.*, and respectfully shows the Court as follows.

1. On October 3, 2014, Judgment Creditor filed a pleading entitled "Filing of Foreign Judgment" with the Harris County District Clerk. The case was given Cause No. 2014-57941, and assigned to this Honorable Court for proceedings. *See* file-stamped copy of Filing of Foreign Judgment attached as Exhibit 1. The Filing of Foreign Judgment contained an authenticated copy of the judgment (Exhibit A), a copy of the Complaint in the underlying action (Exhibit B), and the Affidavit required by Texas Civil Practice and Remedies Code section 35.004 (Exhibit C). See Exhibit 1.

2. On October 6, 2014, Judgment Creditor caused to be mailed to the Judgment Debtors named in the judgment at their last known addresses a full and complete copy of the Filing of Foreign Judgment including all attachments described above, via certified mail, return receipt requested, as evidenced by the ring-dated U.S. Postal Service Certified Mail Receipts

Certified Document Number: 62680757 - Page 1 of 3

PD.12633729.1

*[handwritten: Deputy clerk filed on 2/25/15 w/ Webb County District Clerk @ 2:39pm]*

attached as Exhibit 2. In addition, a duplicate copy of the Filing of Foreign Judgment was sent to each Judgment Debtor at his last known address via first-class U.S. Mail, properly addressed with postage pre-paid.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: _____

Marc G. Matthews
Texas Bar No. 24055921
Email: marc.matthews@phelps.com
Andrew B. Brown
Email: andrew.brown@phelps.com
Texas Bar No. 24078264
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388

**ATTORNEYS FOR JUDGMENT CREDITOR JACK RETTIG**

Certified Document Number: 62680757 - Page 2 of 3

PD.12633729.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above Proof of Notice to Debtors of the Filing of a Foreign Judgment has been mailed via U.S. Mail, certified mail, return receipt requested, and by regular first class U.S. Mail, to Judgment Debtors as listed below, on October 8, 2014.

Ronald E. Bruno
2838 Woodside Street
Dallas, Texas 75204

Christopher Garcia
5906 Velasco Avenue
Dallas, Texas 75206

Sergio Lopez
2927 Mahlhorn
Laredo, Texas 78045

Patrick G. Mendoza
7534 Steeple Drive
San Antonio, Texas 78256

Troy J. Williams
6150 Deer Run Circle
Sandia, Texas 78383

Marc G. Matthews

Certified Document Number: 62680757 - Page 3 of 3

PD.12633729:1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:      62680757



Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

NO. 2014-57941

| | | |
|---|---|---|
| JACK RETTIG | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| RONALD E. BRUNO, ET AL. | § | 189th JUDICIAL DISTRICT |

## FILING OF FOREIGN JUDGMENT

Judgment Creditor Jack Rettig, by and through his attorney of record, Marc G. Matthews, files an authenticated copy of a judgment for domestication under the Uniform Enforcement of Foreign Judgments Act, Tex. Civ. Prac & Rem. Code § 35.001 *et seq.* The judgment was rendered and signed on Civil Action number 2:14-cv-00996-LMA-SS in the United States District Court for the Eastern District of Louisiana, and awarded Jack Rettig damages in the amount of $2,692,895.23 (including prejudgment interest from September 1, 2014) against the judgment debtors. A copy of the judgment, with authentication in accordance with an Act of Congress, is attached as Exhibit A. The judgment disposes of all parties and claims, as shown by the latest live Complaint in the underlying action, which is attached as Exhibit B. Although the judgment leaves reasonable attorneys' fees and costs to be determined later, "an unresolved issue of attorneys' fees for the litigation does not prevent judgment on the merits from being final." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union Fund of Operating Eng'rs & Participating Employers*, 134 S. Ct. 773, 781 (2014). Therefore, Exhibit A constitutes a valid final judgment entitled to full faith and credit in this Court.

The affidavit required by Texas Civil Practice and Remedies Code section 35.004 is attached as Exhibit C.



EXHIBIT

1

39

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____

Marc G. Matthews
Texas Bar No. 24055921
Email: marc.matthews@phelps.com
Andrew B. Brown
Email: andrew.brown@phelps.com
Texas Bar No. 24078264
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388

**ATTORNEYS FOR JUDGMENT CREDITOR
JACK RETTIG**

Certified Document Number: 62680758 - Page 2 of 13

PD.12543579.1

40

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Filing of Foreign Judgment has been mailed via U.S. Mail, certified mail, return receipt requested, and by regular first class U.S. Mail, to Judgment Debtors as listed below, on October 3, 2014.

Ronald E. Bruno
2838 Woodside Street
Dallas, Texas 75204

Christopher Garcia
5906 Velasco Avenue
Dallas, Texas 75206

Sergio Lopez
2927 Mahlhorn
Laredo, Texas 78045

Patrick G. Mendoza
7534 Steeple Drive
San Antonio, Texas 78256

Troy J. Williams
6150 Deer Run Circle
Sandia, Texas 78383

Marc G. Matthews

Certified Document Number: 62680758 - Page 3 of 13

41

PD.12543579.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK RETTIG

CIVIL ACTION

VERSUS

NO. 14-996

RONALD E. BRUNO, ET AL.

SECTION I

## JUDGMENT

Considering the record, the law, and the Court's September 22, 2014 order and reasons granting the motion for summary judgment filed by plaintiff, Jack Rettig,

**IT IS ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of plaintiff, Jack Rettig, and against defendants, Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza, and Troy J. Williams, jointly and severally, for the unpaid principal of and interest under the promissory note in the amount of $2,692,895.23 as of August 31, 2014, together with interest accruing from September 1, 2014, at the rate of 14% per annum compounded monthly, and reasonable attorneys' fees and costs to be determined later.

New Orleans, Louisiana, September 30, 2014.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY.
Oct 03 2014

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

Certified Document Number: 62680758 - Page 4 of 13

**EXHIBIT**

*A*

42

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACK RETTIG,

       Plaintiff

v.

RONALD E. BRUNO, CHRISTOPHER
GARCIA, SERGIO LOPEZ, PATRICK G.
MENDOZA, AND TROY J. WILLIAMS,

       Defendants.

CIVIL ACTION NO.:

SECTION:

JUDGE:

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Jack Rettig, and respectfully shows as follows:

### PARTIES

1.    Plaintiff, Jack Retting, is an individual of the full age of majority domiciled in the State of Florida.

2.    Defendant Ronald E. Bruno is an individual of the full age of majority domiciled in the State of Texas.

3.    Defendant Christopher Garcia is an individual of the full age of majority domiciled in the State of Texas.

4.    Defendant Sergio Lopez is an individual of the full age of majority domiciled in the State of Texas.

5.    Defendant Patrick G. Mendoza is an individual of the full age of majority domiciled in the State of Texas.

Certified Document Number: 62680758 - Page 5 of 13


EXHIBIT
B
43

6.     All of the defendants are domiciled in the State of Texas; none are domiciled in the State of Florida.

## JURISDICTION AND VENUE

7.     Jurisdiction in this matter is based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1) and (2) because: (A) on one hand, plaintiff, Jack Rettig, and all of the defendants, on the other hand, are citizens of different states; and (B) the amount in controversy, as set forth below, exceeds $75,000, exclusive of interest and costs.

8.     Venue is properly placed in the Eastern District of Louisiana by agreement of the parties.

## FACTS

9.     Plaintiff is the holder and owner of a good and valuable promissory note made and subscribed by the defendants on November 15, 2013, for a principal sum of $3,346,123.89 payable to Jack Rettig, bearing interest at 12.5% per annum, compounded monthly, with principal originally due on November 30, 2013. A true and accurate copy of the promissory note is attached as Exhibit A and hereafter referred to as the "Note."

10.     Under the terms of the Note, defendants Bruno, Garcia, Lopez, Mendoza, and Williams are bound solidarily. *See* Exhibit A.

11.     Defendants defaulted under the Note and, on February 27, 2014, the parties entered into a Forbearance Agreement, by which plaintiff promised to forbear in the exercise of its rights and remedies under the Note provided that defendants promised to pay the remainder of the loan by June 30, 2014, in monthly installments bearing interest at 14% per annum. A true and accurate copy of the Forbearance Agreement is attached as Exhibit B.

12.     According to the terms of the Forbearance Agreement, defendants promised to make payments on February 28, 2014, March 31, 2014, April 30, 2014, May 31, 2014, and June

2

Certified Document Number: 62680758 - Page 6 of 13

44

30, 2014 in the amount of $534,452.35. Defendants defaulted by failing to pay the March installment due under the Forbearance Agreement. Defendants also failed to pay the entirety of the amounts coming due on February 28, 2014.

## COUNT I

### Collection of Promissory Note

13.     Plaintiff realleges and incorporates each and every allegation in paragraphs 1 through 12, inclusive.

14.     The terms of the Forbearance Agreement required defendants Bruno, Garcia, Lopez, Mendoza, and Williams to make monthly payments to Plaintiff.

15.     Defendants Bruno, Garcia, Lopez, Mendoza, and Williams have defaulted in making the installment payments they agreed to make in the Forbearance Agreement.

16.     As of April 21, 2014, defendants Bruno, Garcia, Lopez, Mendoza, and Williams are indebted solidarily to plaintiff under the Note and Forbearance Agreement in the principal amount of $2,516,324.43, together with accrued interest in the amount of $47,165.52, interest which continues to accrue at the rate of 14% per annum from and after that date, and all such other amounts due under the Note and Forbearance Agreement, including attorney's fees and all costs of collection.

WHEREFORE, plaintiff, Jack Rettig, prays that after due proceedings are had, this Court enter judgment:

A.     Against defendants Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza and Troy J. Williams, each to be bound solidarily, in the principal amount of $2,516,324.43, together with accrued interest in the amount of $47,165.52 through April 21, 2014, interest which continues to accrue from and after April 21, 2014 at the rate of 14% per

3

Certified Document Number: 62680758.- Page 7 of 13

45

annum, and all such other amounts due under the Note and Forbearance Agreement, including attorney's fees and all costs of collection, and all court costs incurred in this proceeding; and

B.     Plaintiff further pleads for all such other relief to which he may show himself justly entitled in law or equity.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     /s/ S. Ault Hootsell III
S. Ault Hootsell III (Bar No. 17630)
Bryant S. York (Bar No. 34165)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: ault.hootsell @phelps.com
       bryant.york@phelps.com

**ATTORNEY FOR PLAINTIFF,
JACK RETTIG**

**PLEASE ISSUE SUMMONS TO:**

**Ronald E. Bruno**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

**Christopher Garcia**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

4

Certified Document Number: 62680758 - Page 8 of 13

**Sergio Lopez**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

**Patrick G. Mendoza**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

**Troy J. Williams**
By his duly designated agent for service of process
Jay D. Crutcher
Crutcher & Christiansen PLLC
2838 Woodside, Suite 200
Dallas, TX  75204

Certified Document Number: 62680758 - Page 9 of 13

5

47

NO. _____

| | | |
|---|---|---|
| JACK RETTIG | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| | § | |
| RONALD E. BRUNO, ET AL. | § | _____ JUDICIAL DISTRICT |

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Marc G. Matthews appeared before me and, after I confirmed his identity through his presentation of a government-issued identification that included his photograph, he stated under oath:

1. I am counsel for Jack Rettig, the judgment creditor in the judgment signed and rendered on September 30, 2014 in the case styled *Jack Rettig v. Ronald E. Bruno, et al.*, filed as case number 2:14-cv-00996-LMA-SS in the United States District Court for the Eastern District of Louisiana against Ronald E. Bruno, Christopher Garcia, Sergio Lopez, Patrick G. Mendoza, and Troy J. Williams, jointly and severally.

2. The last known post office address of Ronald E. Bruno is 2838 Woodside Street, Dallas, Texas 75204.

3. The last known post office address of Christopher Garcia is 5906 Velasco Avenue, Dallas, Texas 75206.

4. The last known post office address of Sergio Lopez is 2927 Mahlhorn, Laredo, Texas 78045.

Certified Document Number: 62680758 - Page 10 of 13

- 4 -

PD.12543579.1



EXHIBIT
C
48

9. The last known post office address of Patrick G. Mendoza is 7534 Steeple Drive, San Antonio, Texas 78256;

10. The last known post office address of Troy J. Williams is 6150 Deer Run Circle, Sandia, Texas 78383.

11. The address of Jack Rettig is 316 Royal Plaza Drive, Fort Lauderdale, Florida 33301.

Marc G. Matthews
Attorney for Judgment Creditor


Subscribed and sworn to before me this 3rd day of October, 2014.

Notary Public State of Texas
My Commission Expires:

Certified Document Number: 62680758 - Page 11 of 13

- 5 -

49

PD.12543579.1

Print this page

# Envelope 2721330

**Case Information**

| | |
|---|---|
| Location | Harris District Clerk |
| Date Filed | 10/03/2014 05:07:46 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Marc Matthews |
| Firm Name | Phelps Dunbar |
| Filed By | Eileen O'Neill |
| Filer Type | Attorney |

**Fees**

| | |
|---|---|
| Convenience Fee | $7.20 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $247.00 |
| Total Court Service Fees | $2.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $256.20 |

**Payment**

| | |
|---|---|
| Account Name | Court File America |
| Transaction Amount | $256.20 |
| Transaction Response | |
| Transaction ID | 4498956 |
| Order # | 002721330-0 |

**Other Civil**

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Other Civil |
| Filing Description | Filing of Foreign Judgment |
| Reference Number | 27474-0006 |
| Comments | This is a miscellaneous filing to register a foreign (US Dist. Ct. E. D. Louisiana) judgment for execution in Texas. Please call with any questions. Eileen O'Neill 713-225-7222. Thank you. |
| Status | Submitting |

**Fees**

50

Certified Document Number: 62680758 - Page 12 of 13

| | | |
|---|---|---|
| Court Fee | $247.00 | |
| Service Fee | $0.00 | |
| **Documents** | | |
| *Lead Document* | NOGAL HC Filing of Foreign Jmt.pdf | [Original] |
| *Attachments* | NOGAL HC Filing of Foreign Jmt.EXA.pdf | [Original] |
| *Attachments* | NOGAL HC Filing of Foreign Jmt.EXB.pdf | [Original] |
| *Attachments* | NOGAL HC Filing of Foreign Jmt.EXC.pdf | [Original] |

51



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:      62680758

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Certified Document Number: 62680759 - Page 1 of 1

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

7012 2210 0000 6101 2526

Christopher Garcia
5906 Velasco Avenue
Dallas, TX 75206

27474-0006
MGM
Filing of Jmt.

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

7012 2210 0000 6101 2540

Patrick G. Mendoza
7534 Steeple Drive
San Antonio, TX 78256

27474-0006
MGM
Filing of Jmt.

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**

Postmark Here

Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)

7012 2210 0000 6101 2557

Troy J. Williams
6150 Deer Run Circle
Sandia, TX 78383

27474-0006
MGM
Filing of Jmt.

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

7012 2210 0000 6101 2533

Sergio Lopez
2927 Mahlhorn
Laredo, TX 78045

27474-0006
MGM
Filing of Jmt.

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website

OFFICIAL

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

7012 2210 0000 6101 2519

Ronald E. Bruno
2838 Woodside Street
Dallas, TX 75204

27474-0006
MGM
Filing of Jmt.

FILED
BB COUNTY, TEXAS
'15 FEB 25 PM 2:40
ESTHER DEGOLLADO
CLERK OF THE DISTRICT
COUNTY COURTS AT LAW
DEPUTY

EXHIBIT
2
53



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:      62680759

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2015CVQ000699D2

## NO. 2014-57941

| | | |
|---|---|---|
| JACK RETTIG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| RONALD E. BRUNO, ET AL | § | |
| | § | |
| Defendants | § | 189TH JUDICIAL DISTRICT |

## ORDER

On this day, came on to be considered the Motion to Transfer Venue of Christopher Garcia and the supplementation thereto. After considering the evidence and hearing the arguments of counsel, it appears to the Court that the Motion should be **GRANTED**.

**IT IS ORDERED** that this case be transferred to Webb County.

SIGNED on _January 30_, 2015.

_Willim R. Burke_

JUDGE PRESIDING

FILED
Chris Daniel
District Clerk

JAN 30 2015

no:
Harris County, Texas

Certified Document Number: 64118818 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 18, 2015

Certified Document Number:      64116818

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**